NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3214

MATTHEW J. ROGERS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED:  December 14, 2004

_____

Before NEWMAN, MICHEL, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Matthew J. Rogers ("Rogers") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing for lack of jurisdiction his appeal of his removal from a position with the Department of Homeland Security ("Homeland Security").  <u>Rogers v. Dep't of Homeland Sec.</u>, No. BN-0752-03-0179-I-1 (M.S.P.B. Feb. 2, 2004).  Because the Board correctly determined that it did not have jurisdiction over Rogers' appeal because Rogers failed to produce any evidence showing that he was an "employee" of the federal government for purposes of Board jurisdiction, we <u>affirm</u>.

Since July 28, 2002, Rogers held a permanent excepted appointment as a Civil Aviation Security Specialist, also known as a Federal Air Marshal, with the Department of Homeland Security. On August 11, 2003, one year and two weeks after the effective date of his appointment, Homeland Security terminated Rogers for misconduct.

On September 9, 2003, Rogers appealed his removal to the Board. On September 12, 2003, the administrative judge ("AJ") assigned to the case ordered Rogers to present evidence and argument to establish that the Board had jurisdiction over his appeal. Rogers did not, however, respond to this order. On October 3, 2003, Homeland Security moved to dismiss the case for lack of jurisdiction. Rogers did not respond to this motion.

In an initial decision dated October 20, 2003, the AJ dismissed Rogers' appeal for lack of jurisdiction because Rogers did not present any evidence responding to either the order or motion. Rogers v. Dep't of Homeland Sec., No. BN-0752-03-0179-I-1 (Oct. 20, 2003).

The AJ's initial decision became the final decision of the Board on February 2, 2004, after the Board denied Rogers's petition for review for failure to meet the criteria set forth in 5 C.F.R. § 1201.115(d). Rogers v. Dep't of Homeland Sec., No. BN-0752-03-0179-I-1 (Feb. 2, 2004). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

An appellant has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). Here, Rogers had to prove that his prior

2

position was similar to his Federal Air Marshal position because he held the latter position for less than two years.  5 U.S.C. § 7511(a)(1)(C)(ii).

The Board correctly determined that Rogers utterly failed to show such similarity. Rogers completely failed to respond to the AJ's order to show cause, offering neither affidavit evidence nor any other form of evidence to establish Board jurisdiction.  Rogers likewise completely failed to respond to Homeland Security's motion to dismiss. Rogers, therefore, did not satisfy his burden of proving the Board's jurisdiction by a preponderance of the evidence.  Accordingly, the decision of the Board dismissing Rogers' appeal for lack of jurisdiction is affirmed.

<u>AFFIRMED</u>.