NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3256

WALTER L. HAWKINS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.


Walter L. Hawkins, of Atlanta, Georgia, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel.

David M. Hibey Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3256

WALTER L. HAWKINS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

UNITED STATES POSTAL SERVICE,

Intervenor.

Petition for review from the Merit Systems Protection Board in AT0752080134-I-1.

_____

DECIDED:     December 4, 2008

_____

Before MAYER and DYK, <u>Circuit Judges</u>, and HUFF, <u>District Judge</u>[*].

PER CURIAM.

Walter L. Hawkins ("Hawkins") petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. <u>Hawkins v. U.S. Postal Service</u>, AT0752080134-I-1 (M.S.P.B. May 7, 2008) ("<u>Final Decision</u>").  We <u>affirm</u>.

BACKGROUND

In November 2004, Hawkins, an EAS-17 Customer Service Supervisor with the U.S. Postal Service ("USPS"), was granted leave under the Family and Medical Leave

_____

[*]  Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation.

Act of 1993 for medical reasons. Hawkins did not then return to work. In January 2005, he began submitting medical documentation to his supervisor stating that he could return to work "if reassigned to another work site." On August 4, 2007, Hawkins contacted his supervisor about returning to work. His supervisor referred Hawkins to the supervisor's own supervisor, Mark Forward ("Forward"). In a letter to Forward dated August 20, 2007, Hawkins informed Forward that he had been submitting leave requests for the past three years and that he had attached medical documentation advising that he should be reassigned. Hawkins also emailed and repeatedly called Forward for information about returning to work. However, Hawkins did not in fact return to work during that period. On September 10, 2007, USPS issued Hawkins a Notice of Proposed Separation-Disability, charging "Inability to Perform the Essential Functions of Your Position." Hawkins was not separated and, apparently, is currently employed by the USPS at another worksite.

On November 14, 2007, Hawkins filed an appeal with the Board alleging that the USPS constructively suspended him from his position, effective August 20, 2007, when it refused to allow him to return to work. He also alleged that the USPS's action constituted discrimination and retaliation, because the notice of separation was issued two weeks after Hawkins filed an EEO complaint. Hawkins now stated that he was ready and willing to return to work at his original location (though at the same time submitting a medical opinion that he could not do so), and that he did not have a disability.

The administrative judge ("AJ"), without holding a hearing, found that Hawkins voluntarily had declined to return to work and had not established that the USPS had

constructively suspended him by refusing to permit him to return.[1]  Therefore, the Board lacked jurisdiction over his discrimination and retaliation claims.  The AJ recognized that a constructive suspension may arise "when an employee who is absent from work for medical reasons requests to return to work with altered duties and the agency denies the request.  If the agency is obligated by policy, regulation, or contract to offer light-duty work to the appellant, his continued absence for more than 14 days may constitute a suspension."  Hawkins v. U.S. Postal Serv., AT0752080134-I-1, slip op. at 2 (M.S.P.B. Jan. 22, 2008) ("Initial Decision").  The AJ found that Hawkins failed to show that the USPS was obligated by the Rehabilitation Act, policy, regulation, or contract to offer him such a reassignment.  In the absence of such an obligation, the AJ found that the USPS did not constructively suspend Hawkins when it refused to reassign Hawkins to a new position.

The Initial Decision became the final decision of the Board when the Board denied Hawkins's petition for review.  Final Decision, slip op. at 1-2.

We have jurisdiction over Hawkins's petition pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the Board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  See

---

[1] The AJ found that Hawkins "has not identified any facts which show that the [USPS] has prevented him from resuming his regular duties."  **[RA-5]**  In addition, "[a]ll of his attempts to return to work have been conditioned on reassignment to a different location."

Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this Court reviews de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). The appellant has the burden to establish the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006).

As the Board recognized, a constructive suspension may have occurred when an employee is absent from work for medical reasons, requests to return to work with altered duties, the agency denies the request, and the agency is obligated by policy, regulation, or contract to offer alternative work. Hardy v. U.S. Postal Serv., 94 M.S.P.R. 539, 544 (M.S.P.B. 2003). The medical evaluations submitted by Hawkins show that he is not able to return to the same job he left due to medical reasons in 2004. However, the Board found that the USPS had no obligation under any policy, regulation, or contract to offer Hawkins alternative work, and this issue is not disputed. Although the Rehabilitation Act, 29 U.S.C. § 791, requires that an agency accommodate a qualified disabled employee, Hawkins is not disabled under the Act. Hawkins agrees that he is not disabled. Even if Hawkins claimed to be disabled under the Rehabilitation Act, his inability to work for a particular supervisor or at a particular location would not be a disability within the meaning of the Act. See 29 C.F.R. § 1630.2(g); Miller v. Dep't of Health & Human Servs., 23 M.S.P.R. 128, 134-35 (M.S.P.B. 1984). In the absence of an obligation to reassign Hawkins, USPS's failure to grant his request for a reassignment did not constitute a constructive suspension.

Hawkins contends that he made a non-frivolous jurisdiction allegation that required the Board to hold a hearing on the issue of jurisdiction. "[O]nce a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, then the claimant has a right to a hearing." Garcia, 437 F.3d at 1344. The Board properly declined to hold a hearing on the issue of jurisdiction because Hawkins did not raise a fact issue as to his alleged constructive suspension. The only possible issue of fact is whether Hawkins made an unconditional offer to return to his original position. The evidence supports the Board's decision that he did not make such an offer during the period in question.

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.