NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3300

JUAN J. EVANS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Juan J. Evans, of Jacksonville, Florida, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel; and Joyce G. Friedman, Acting Assistant General Counsel for Litigation.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3300

JUAN J. EVANS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752070942-I-1.

_____

DECIDED:  January 9, 2009

_____

Before LOURIE, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Juan J. Evans appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his removal appeal for lack of jurisdiction. <u>Evans v. U.S. Postal Serv.</u>, AT-0752-07-0942-I-1 (M.S.P.B. Final Order May 16, 2008; Initial Decision Dec. 19, 2007).  Because Evans has not demonstrated that the Board had jurisdiction to hear his appeal or otherwise committed legal error in its decision, we <u>affirm</u>.

## BACKGROUND

On April 11, 2007, Evans was placed on emergency suspension from his job at the U.S. Postal Service for deviating from his established postal route.  Evans appealed

his suspension to the Board, and on July 5, 2007, administrative judge ("AJ") Vitaris reversed the Postal Service's suspension action because Evans was not given minimum due process. AJ Vitaris, in an interim relief order, thus ordered the Postal Service "to cancel the suspension and retroactively restore [Evans] effective April 11, 2007," and to pay Evans the appropriate amount of back pay. The Postal Service petitioned the full Board for review of AJ Vitaris's decision, and the Board denied review on November 13, 2007, making the AJ's decision the final decision of the Board.

Meanwhile, on June 28, 2007, before AJ Vitaris had rendered a decision on Evans' suspension, the Postal Service sent Evans a notice of proposed removal for the same alleged deviation from his postal route. On July 9, 2007 the American Postal Workers Union filed a grievance on Evans' behalf with the Postal Service, based on the notice of proposed removal. On August 8, 2007, after AJ Vitaris's suspension decision, the Postal Service sent Evans a decision letter announcing its intention to remove Evans, effective August 20, 2007. On August 23, 2007, Evans appealed the removal to the Board, and that appeal is now before us. However, on September 13, 2007, the union and the Postal Service reached an agreement in the grievance proceeding. The agreement purported to provide "full resolution" of the proposed removal notice dated June 28, 2007, stating that the "Notice of Proposed Removal, dated June 28, 2007, will be expunged from all records and files. All time off as a result of this Removal Notice will be considered as having served a long term suspension." As a result of the agreement of September 13, 2007, Evans returned to work at the Postal Service, and all references to the removal action were extracted from his personnel record.

Following the settlement agreement, AJ Cummings dismissed the appeal that Evans filed at the Board on August 23, 2008, for lack of jurisdiction. AJ Cummings held that, in settling the grievance and failing to specifically reserve the right to file an appeal to the Board, Evans had waived his right to appeal the removal decision. Although the settlement of the grievance purported to relate only to the proposed removal notice dated June 28, 2007, not to the removal itself, AJ Cummings found that the parties clearly intended the resolution of all matters pertaining to the removal as well. In support of his decision, AJ Cummings pointed to the fact that the Postal Service had treated the settlement as pertaining to the removal by restoring Evans to his position and extracting from his personnel record all references to the removal action.

AJ Cummings also held that the removal action did not violate the interim relief order on the suspension by AJ Vitaris. According to AJ Cummings, no law precluded the Postal Service from taking a separate action (the removal) that arose from the same facts as an earlier action (the suspension). Because the actions were separate, the removal action did not violate AJ Vitaris's interim relief order on the suspension. AJ Cummings also noted that Evans' claim that the removal action was inconsistent with the interim relief order could only be pursued in the context of a petition for enforcement of the Board's order in his suspension appeal, rather than in the instant removal appeal.

Finally, in response to Evans' argument that he has not been returned to the status quo ante following the settlement of the grievance, AJ Cummings held that the Board had no jurisdiction to enforce the settlement agreement, unless the agreement was involuntary. According to AJ Cummings, Evans did not enter into the agreement

involuntarily, as he accepted the benefits of the agreement by returning to work and having his personnel record purged.

Evans then requested reconsideration of AJ Cummings' decision by the full Board. In a brief decision issued on May 16, 2008, the Board affirmed the AJ's decision, finding that Evans had not presented any new or previously unavailable evidence on appeal and that AJ Cummings made no error in law or regulation that affected the outcome. Thus, AJ Cummings' initial decision became the final decision of the Board.

Evans timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995). We are, however, bound by the AJ's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). Further, the appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2008).

2008-3300

-4-

Evans argues that, after he was restored to duty from the failed suspension, he should not have been removed for the same conduct until there was a final order in the suspension decision. Because the removal was unlawful, according to Evans, the resulting settlement agreement was void and could not divest the board of jurisdiction. Evans also argues that AJ Cummings failed to recognize that AJ Vitaris's order, when final, had a controlling effect on the removal proceedings. According to Evans, AJ Vitaris's order required retroactively restoring Evans, but the settlement did not pay him for August 20, 2007 through September 13, 2007.

The Board responds that Evans chose to file and settle a grievance, divesting the Board of jurisdiction over the underlying matter of Evans' removal. The Board argues that the settlement agreement covered both the proposed and the effected removal, as the Postal Service expunged Evans' record of all references to both the proposed and the effected removal. The Board also asserts that Evans' acceptance of the settlement agreement was not involuntary, as the Postal Service did not take coercive action in removing Evans. Rather, the Postal Service was within its rights to remove Evans, even after suspending him, as the Postal Service may take two separate actions arising out of the same alleged misconduct, especially when the first action was invalidated on procedural grounds.

We agree with the Board that it lacked jurisdiction over Evans' appeal. Preference-eligible employees in the Postal Service, like Evans, may pursue both an appeal and a grievance of the same adverse action. Mays v. U.S. Postal Serv., 995 F.2d 1056, 1058 (Fed. Cir. 1993). However, when an employee chooses to settle a grievance, and the settlement provides for a full and final settlement of the underlying

matter, the settlement generally divests the Board of jurisdiction over the matter. Id. at 1058-59. Here, substantial evidence supported AJ Cummings' determination that Evans chose to settle the entire matter, including both the removal determination and the notice of proposed removal. As AJ Cummings found, the Postal Service treated the matter as if it had been fully resolved by returning Evans to work and expunging his record of references to both the proposed removal and the final removal determination. More importantly, Evans accepted the benefits of the resolution by returning to work. Thus, Evans' decision to settle the matter through grievance proceedings divests the Board of jurisdiction to hear an appeal of any matter arising from the proposed or final removal notices that Evans received. See id.

The Board retains jurisdiction over an appeal if a settlement agreement expressly reserves an employee's right to seek Board review or if an employee can show that he involuntarily entered into the agreement. See id. However, we agree with the Board that it did not retain jurisdiction here over Evans' removal through either a reservation of rights or because of involuntariness. AJ Cummings properly held that the settlement agreement did not expressly reserve the right to seek Board review. AJ Cummings also properly held that Evans has not shown that he involuntarily entered into the settlement agreement. Evans "ratified the settlement negotiated by his union representatives" by returning to work and "accepting the fruits of the settlement." Id. at 1059.

The Board has held that Evans may also have established involuntariness by showing that the Postal Service threatened to take a future disciplinary action that it knew or should have known could not be substantiated. Fassett v. U.S. Postal Serv., 85 M.S.P.R. 677, 679 (2000); Perry v. U.S. Postal Serv., 78 M.S.P.R. 272, 279 (1997)

("If the appellant could show that the agency knew that the reason for the suspension action could not be substantiated, the action would be purely coercive, and the resulting settlement agreement could be considered involuntary." (quotations omitted)); see Schultz v. U.S. Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987). However, Evans has not established such involuntariness. Evans does not dispute that he deviated from his postal route, which was the basis for the removal action.

Evans instead argues, in effect, that the Postal Service knew or should have known that it could not take the removal action after AJ Vitaris's decision had reversed the suspension and it remained non-final. However, as AJ Cummings properly held, an invalidated suspension action, if invalidated on procedural grounds, does not bar an agency from taking a subsequent removal action, even though the two actions arose out of the same alleged misconduct. See Cox-Vaughn v. U.S. Postal Serv., 100 M.S.P.R. 246, 247, 254-55 (2005) (reversing suspension but affirming removal for the same conduct.); Reynolds v. United States, 454 F.2d 1368, 1374 (Ct. Cl. 1972) ("It is not unusual or wrongful for an agency to begin anew an adverse action based on charges which were previously brought when the initial action was invalidated on procedural grounds.").

An interim relief order also does not insulate an employee from a subsequent adverse action as long as that subsequent action is not inconsistent with an initial decision or final Board decision. Cf. Guillebeau v. Dep't of the Navy, 362 F.3d 1329, 1333 (Fed. Cir. 2004) (citing with approval Shumate v. Dep't of the Navy, 62 M.S.P.R. 288, 290 (1994)). The suspension and removal actions are not inherently inconsistent, as shown above. Evans argues that the removal action was inconsistent with AJ

Vitaris's interim relief order because the removal action resulted in denying him back pay, while the interim relief order granted him back pay. Evans claims that he is entitled to back pay from the effective date of his removal to the effective date of the settlement agreement. However, he raises no issue concerning back pay for the period from the date of the interim relief order to the date of his removal. Of course, the agency, by removing Evans effective August 20, 2007, could not retroactively deprive him of back pay for the period between his initial suspension and the date of his removal. But the removal order did not purport to have this effect, and the Board construed the settlement agreement as preserving Evans' back pay entitlement for the period from April 11, 2007, to August 20, 2007. Evans had no clear legal right to back pay, under either the settlement agreement or the interim relief order, from August 20, 2007, to the date of the settlement agreement, as the removal action was a subsequent adverse action and the interim relief order operated only to restore Evans retrospectively from the date of the order itself. The settlement agreement was not involuntary, and its effect is to divest the Board of jurisdiction to hear Evans' present appeal.

Because we conclude that the Board lacked jurisdiction to hear the appeal, all remaining issues are moot.

Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs</u>.

2008-3300