Warren S. FOREST, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 94–3403.

United States Court of Appeals, Federal Circuit.

Feb. 2, 1995.

Warren S. Forest, pro se.

Eric D. Flores, U.S. Merit Systems Protection Bd., Washington, DC, submitted, for respondent. Martha B. Schneider, Asst. Gen. Counsel, and Rita S. Arendal, Merit Systems Protection Bd., Washington, DC, were on the brief for respondent. Brian S. Smith, James M. Kinsella and David M. Kinsella, Dept. of Justice, Washington, DC, represented respondent.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

LOURIE, Circuit Judge.

Warren S. Forest petitions for review of the May 6, 1994 final decision of the Merit Systems Protection Board, Docket No. SF0752940032–I–1, dismissing for lack of subject matter jurisdiction his appeal from the decision by the Federal Deposit Insurance Corporation ("agency") to remove him from his position as staff attorney, 63 M.S.P.R. 70. Because the board correctly determined that it lacked jurisdiction over Forest's appeal, we affirm.

## BACKGROUND

The agency hired Forest as a staff attorney in its legal division on January 16, 1990. The position was a temporary appointment in the excepted service for a period not to exceed one year. On January 16, 1991, Forest received a second temporary excepted service appointment in the same division. On May 5, 1991, after Forest had served in these temporary appointments for fifteen and one-half months, Forest accepted a career-conditional (permanent) excepted service appointment with the agency, subject to a probationary period. On May 5, 1992, Forest was terminated from his position for unsatisfactory performance and misconduct. He appealed his removal to the board.

The Administrative Judge ("AJ") determined that because Forest was terminated from an excepted service position, his appeal rights were governed by the Civil Service Due Process Amendments of 1990 ("Amendments"), Pub.L. No. 101–376, 104 Stat. 461 (1990) (codified in relevant part at 5 U.S.C. §§ 7511(a)(1)(C)(i), 7511(a)(1)(C)(ii) (Supp. V 1993)). In particular, the AJ focused on § 7511(a)(1)(C)(ii), which provides that an excepted service "employee" who can appeal an adverse action to the board is an individual "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less."

The AJ found that, although Forest had completed over two years of government service when he was terminated, the first fifteen and one-half months were under temporary appointments. Thus, the dispositive issue was whether Forest could "tack on" his prior service under temporary excepted service appointments to his service under a permanent excepted service appointment for purposes of meeting the two-year requirement of § 7511(a)(1)(C)(ii). Relying on the statute's plain language, the AJ concluded that tacking is prohibited under § 7511(a)(1)(C)(ii) because the required two years of current continuous service must be served "under other than a temporary appointment." As further support, the AJ noted that when the Office of Personnel Management ("OPM") issued its

final rules implementing the Amendments, it stated that "the law does not permit 'tacking on' of past service in a temporary appointment to current service in a nontemporary appointment." *See* 58 Fed.Reg. 13,191 (1993).

Accordingly, the AJ held that Forest was not an excepted service "employee" for purposes of the Amendments and thus the board lacked jurisdiction over his appeal. The AJ's initial decision became the final decision of the board when the board denied Forest's petition for review. *See* 5 C.F.R. § 1201.113 (1994). Forest now appeals.

## DISCUSSION

■ The scope of our review of board decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Whether the board had jurisdiction to adjudicate a case is a question of law, which we review *de novo*. *Vesser v. Office of Personnel Management*, 29 F.3d 600, 603 (Fed.Cir.1994).

■ The board's jurisdiction is not plenary, but is limited to actions made appealable to it by law, rule, or regulation. *See* 5 U.S.C. § 7701(a) (1988); 5 U.S.C. § 1204(a)(1) (Supp. V 1993); *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1557 (Fed.Cir.1987). When an individual appeals to the board, he or she has the burden of proving, by a preponderance of the evidence, that the board has jurisdiction. 5 C.F.R. § 1201.56(a)(2) (1994). The sole question in this case is whether the board erred in concluding that it lacked subject matter jurisdiction over Forest's appeal. To resolve this question, we must interpret certain provisions of the Civil Service Due Process Amendments of 1990.

Forest challenges the AJ's determination that tacking periods of service under temporary appointments to service under a permanent position is prohibited by § 7511(a)(1)(C)(ii). Forest cites an excerpt from the Senate debates in which Senator Pryor stated that "[t]he 2 year waiting period

[for] excepted service personnel will ensure that the agency can fully judge an employee's performance and yet vest these employees with important job protections." 136 Cong. Rec. S11,135 (daily ed. July 30, 1990). According to Forest, because he held a permanent excepted service position at the time of the adverse action, and the agency had an opportunity to evaluate his performance for a two-year period while he served in a same or similar position, he meets the definition of an excepted service "employee" who may appeal an adverse action to the board.

■ We disagree. The starting point for interpreting a statute is the language of the statute itself, which governs absent a clearly expressed legislative intent to the contrary. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). By the plain terms of § 7511(a)(1)(C)(ii), the two years of current continuous service must be served "under other than a temporary appointment," *i.e.*, under a permanent appointment. While the purpose of the two-year period may be to allow agencies ample time to evaluate the performance of their excepted service employees, the language of the statute is clear and the legislative history does not suggest that Congress intended that the requisite two years of service may be satisfied under temporary appointments. We therefore hold that tacking periods of prior service under temporary appointments to service under a permanent appointment is prohibited by the plain language of this section. Our interpretation is consistent with OPM's final rules implementing the Amendments. *See* 58 Fed.Reg. 13,191 (1993); *see also Antolin v. Department of Justice*, 895 F.2d 1395, 1397 (Fed.Cir.1989) ("Under the plain language of the statute, even when an individual serves a series of temporary appointments of one year or less, that individual does not become an employee for the purpose of § 7511(a)(1)."). Thus, because Forest did not complete two years of continuous service under a permanent appointment, he was not an excepted service "employee" pursuant to § 7511(a)(1)(C)(ii) with a right to appeal to the board.

Forest also argues that in enacting the Amendments, Congress manifested an intent to give all permanent government employees a right to appeal to the board, based on their expectation of continuing employment with the government. Forest quotes a passage from a House Report which states that "the key to the distinction between those to whom appeal rights are extended and those to whom such rights are not extended is the expectation of continuing employment with the Federal Government." H.R.Rep. No. 328, 101st Cong., 1st Sess. 3 (1989), *reprinted in* 1990 U.S.C.C.A.N. 695, 698. He neglects to quote the prior sentence, however, which states that "[t]he requirement that an employee serve one continuous year [two years as enacted] before becoming eligible for appeal rights will keep temporary employees from clogging up the Merit Systems Protection Board appeals system." *Id.* Thus, viewed in context, the legislative history does not support Forest's contention that Congress intended to give all permanent government employees a right to appeal. Rather, it appears that Congress intended what the language of the statute states, that excepted service employees have a right to appeal only after completing a prescribed period of continuous service under a permanent excepted service position.

Finally, Forest argues that the board had jurisdiction over his appeal under § 7511(a)(1)(C)(i). The AJ did not address this potential basis for jurisdiction in his decision, nor did Forest raise it in his petition for review, which the board denied. However, Forest did raise the issue in his initial appeal to the board and, since it is one of statutory interpretation involving no fact-finding, we will consider this argument. *See James v. Federal Energy Regulatory Comm'n*, 747 F.2d 1581, 1582–83 (Fed.Cir. 1984) (issue raised in initial appeal but not raised in denied petition for review may be considered on appeal to the Federal Circuit), *reh'g denied* 755 F.2d 154, 155 (1985) ("[W]e reaffirm that the petition for review does not limit the issues before this court."); *Beard v. General Services Admin.*, 801 F.2d 1318, 1321 (Fed.Cir.1986) (statutory issue not raised before the board may be raised on appeal when the issue does not require the

development of a factual record, the application of agency expertise, or the exercise of administrative discretion); *cf. Synan v. Merit Sys. Protection Bd.*, 765 F.2d 1099, 1101 (Fed.Cir.1985) (arguments not made before the board cannot be raised on appeal).

Section 7511(a)(1)(C)(i) provides an alternative definition of an excepted service "employee" who is entitled to appeal an adverse action to the board. Under this provision, an individual "who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" has a right to appeal. 5 U.S.C. § 7511(a)(1)(C)(i). Forest contends that at the time of his termination, he was not serving a probationary or trial period because he had completed one year of service in his last position. He further asserts that because he was *not* serving under an appointment pending conversion to the competitive service, he comes within this definition.

Again, we must disagree. Section 7511(a)(1)(C)(i) covers only excepted service employees serving "under an initial appointment pending conversion to the competitive service," provided they are not serving a probationary or trial period under such an appointment. *Accord Pennington v. Department of Veterans Affairs*, 57 M.S.P.R. 8, 10 n. 2 (1993). Forest has provided no evidence of a clearly expressed legislative intent supporting his contrary interpretation. Under Forest's interpretation, all excepted service employees would have a vested right to appeal once they completed a probationary or trial period. Such an interpretation would render subpart (C)(ii) superfluous and thus violate the rule of construction that a statute should not be interpreted in a way that renders one of its parts inoperative. *See Horner v. Merit Sys. Protection Bd.*, 815 F.2d 668, 674 (Fed.Cir.1987) (citing *Colautti v. Franklin*, 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979)). Thus, since Forest was not serving under an initial appointment pending conversion to the competitive service when he was terminated, we conclude that he was not an excepted service "employee" pursuant to § 7511(a)(1)(C)(i) with a right to appeal to the board.

We have considered Forest's remaining arguments and find them not persuasive.

## CONCLUSION

The board's decision dismissing Forest's appeal for lack of subject matter jurisdiction is

*AFFIRMED.*