69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. HELBIG, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3572.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael J. Helbig seeks review of a decision of the Merit Systems Protection Board (MSPB), Helbig v. Department of Justice, Docket No. NY300A950247-I-1 (May 11, 1995), which dismissed his case for lack of jurisdiction. We affirm.
 
 
 2
 * Mr. Helbig claims that he was unfairly overlooked for available positions as a Deputy United States Marshal. Mr. Helbig was a Deputy U.S. Marshal until he left employment on August 6, 1982. In 1989, Mr. Helbig requested reinstatement, but a preliminary background search conducted by the Marshals Service revealed negative information which resulted in a decision against reinstatement.
 
 
 3
 Mr. Helbig then attempted to gain employment by taking the Deputy U.S. Marshal examination and the Administrative Careers with America examination--each of which is administered by the Office of Personnel Management (OPM). Mr. Helbig contends that despite his high scores on these examinations, his willingness to work anywhere nationwide, and his veteran's preference status, he was passed over for available positions. He asserts that the Marshals Service hired people but did not use the examination registers.
 
 
 4
 When Mr. Helbig filed a complaint with the MSPB, the Administrative Judge (AJ) issued to Mr. Helbig an Order to Show Cause for jurisdiction. In response, Mr. Helbig stated that the MSPB has jurisdiction under 5 C.F.R. Sec. 1201.3(a)(7) (1995)[1] (review of suitability determinations) and Sec. 1201.3(a)(19) (review of OPM's employment practices).
 
 
 5
 The AJ, however, determined that Mr. Helbig had failed to establish jurisdiction. The AJ held that Sec. 1201.3(a)(7) did not apply because there had been no negative suitability determination made by, or on behalf of, OPM. The AJ also decided that Sec. 1201.3(a)(19) did not apply because OPM had not violated any employment practices. Because Mr. Helbig had not established any independent basis for jurisdiction, the AJ determined that the MSPB had no jurisdiction to hear Mr. Hilbig's discrimination claim.
 
 II
 
 6
 Whether the MSPB has jurisdiction to adjudicate a claim is a question of law which we review de novo. Forest v. Merit Systems Protection Board, 47 F.3d 409, 410 (Fed.Cir.1995). The MSPB's jurisdiction is limited by statute to actions that have been made appealable to it by law, rule, or regulation. Id.; 5 U.S.C. Sec. 7701(a) (1994). When the MSPB's jurisdiction is questionable, the appellant must show, by a preponderance of the evidence, that jurisdiction exists. 5 C.F.R. Sec. 1201.56(a)(2)(i); see Robins v. Department of Justice, 48 M.S.P.R. 644, 648 (1991).
 
 
 7
 The MSPB has jurisdiction over appeals concerning "[d]isqualification of an employee or applicant because of a suitability determination." 5 C.F.R. Sec. 1201.3(a)(7). Usually, suitability determinations are performed by the OPM. Harrington v. Department of the Army, 19 M.S.P.R. 571, 573 (1984). Agency investigations constitute "suitability determinations" only if the OPM delegates such authority to the agency. 5 C.F.R. Sec. 731.103(d).
 
 
 8
 We agree with the AJ that the record contains no evidence that Mr. Helbig received a suitability determination from OPM. Moreover, although the agency performed a background investigation, there is no evidence that it did so under authorization from OPM. Absent such evidence, jurisdiction cannot be based on 5 C.F.R. Sec. 1201.3(a)(7).
 
 
 9
 Alternatively, Mr. Helbig contends that jurisdiction is proper under 5 C.F.R. Sec. 1201.3(a)(19). That section states that the MSPB has jurisdiction over appeals concerning "[e]mployment practices administered by the Office of Personnel Management to examine and evaluate the qualifications of applicants for appointment in the competitive service." 5 C.F.R. Sec. 1201.3(a)(19). An "employment practice," in turn, includes "the development and use of examinations, qualification standards, tests, and other measurement instruments." 5 C.F.R. Sec. 300.101.
 
 
 10
 Mr. Helbig, however, does not challenge the "employment practices" of OPM. He does not attack the fairness of the examination he took nor any measurement instruments used by OPM. Indeed, he acknowledges that he was cleared for hiring. Instead, Mr. Helbig's real objection is that the agencies ignored the examination registers and hired people via other means.
 
 
 11
 Finally, Mr. Helbig contends that he was denied a position because he is a white, male veteran. Absent an otherwise appealable matter, however, the MSPB has no authority to hear a discrimination claim. Roja v. Department of the Navy, 55 M.S.P.R. 618, 622 (1992); see Cruz v. Department of the Navy, 934 F.2d 1240, 1245-1248 (Fed.Cir.1991) (in banc). Therefore, the MSPB has no jurisdiction to hear Mr. Helbig's discrimination claim.
 
 
 12
 Because the evidence does not support Mr. Helbig's asserted bases for jurisdiction over his claims, we affirm the MSPB's decision.
 
 
 
 [1]
 All references to 5 C.F.R. are to the 1995 edition