**Jesse D. TEAGUE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 01–3310.**

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 10, 2002.

Before MICHEL, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

Jesse Teague seeks review of a final decision by the Merit Systems Protection Board ("Board") finding that it lacked jurisdiction over Teague's appeal from the United States Postal Service's ("Service") decision to remove Teague from his position as a distribution clerk. *See Teague v. U.S. Postal Service,* No. CH–0752–01–0213–I–1, 90 M.S.P.R. 30 (June 22, 2001).

Because the Board committed no error in reaching this decision, we *affirm.*

## Background

Teague worked as a clerk (or "craft employee," according to the Board) for the Service until late 1998. At that time, the Service notified him that it believed Teague was working both for the Service and for American Airlines, in violation of the Service's conflict-of-interest policy. The Service gave Teague 14 days to either "end his employment" with the airline or else face "removal." Teague apparently chose the latter. After his removal from the Service, Teague pursued arbitration, claiming (among other things) that the Service had removed him on account of his race. The arbitrator denied Teague's various claims and, in January 2001, Teague sought additional review of his removal by the Board.

Noting that the Board did not ordinarily have jurisdiction over appeals brought by Service employees, the Administrative Judge ("AJ") gave Teague 30 days to submit evidence showing that he could fit into one of the exceptions authorizing Board review of an adverse Service personnel action. Teague submitted arguments but no evidence; in fact, he indicated that he had not served as a veteran, one of the exceptions that could have authorized Board review. In February 2001, the AJ issued an initial decision dismissing Teague's claim for lack of jurisdiction. In June 2001, the Board found no error with the AJ's decision and entered a final order dismissing Teague's petition.

This petition for review followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## Discussion

But we play a limited role in reviewing Board decisions. Rather than reviewing

**940**

anew the evidence presented by Teague, we must affirm the Board unless its decision was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995).

As the AJ explained, the Board cannot ordinarily review adverse actions taken against employees of the Service. 5 U.S.C. § 7511(b)(8). Under 39 U.S.C. §§ 1005(a)(4)(A)(i) and (ii), however, Service employees can obtain Board review of an adverse personnel action if they qualify as (1) a preference-eligible employee, *i.e.,* an employee who was also a military veteran, *see* 5 U.S.C. § 2108(3); (2) a supervisor or management employee; or (3) an employee engaged in work "other than a purely nonconfidential clerical capacity," *see* 39 U.S.C. § 1005(a)(4)(A)(ii)(*l* ). *See also Bolton v. Merit Sys. Prot. Bd.,* 154 F.3d 1313, 1316 (Fed.Cir.1998) (noting that Board ordinarily lacks jurisdiction over actions taken against employees of the Postal Service and discussing the exceptions thereto). An employee bears the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); *Bolton,* 154 F.3d at 1316.

■ Here, despite having had an opportunity to submit evidence that could establish the Board's jurisdiction, Teague presented none. In other words, no evidence shows that Teague could meet any of the three exceptions for Service employees seeking Board review. Further, the AJ properly concluded that because the Board lacked jurisdiction over Teague's dismissal, she also could not entertain Teague's claim alleging removal on account of his race. *See Cruz v. Dep't of Navy,* 934 F.2d 1240, 1245–46 (Fed.Cir.1991) (*en banc* ) (explaining that the Board lacks jurisdiction over an employment discrimination claim when it does not have jurisdiction over "an appealable action" in the first place). Accordingly, because substantial evidence supports the Board's decision and because the Board correctly applied the relevant laws, rules and regulations, we affirm.