**Donna K. BELL, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3096.

United States Court of Appeals, Federal Circuit.

June 6, 2002.

**530**

Before CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Donna K. Bell seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal as untimely. *Bell v. Dep't of the Navy*, 90 M.S.P.R. 450 (2001). We *affirm*.

I

On November 20, 2000, Ms. Bell filed an individual-right-of-action ("IRA") appeal with the Board, alleging unlawful action taken against her in retaliation for protected whistleblowing disclosures she claims to have made. Ms. Bell had previously sought corrective action from the Office of Special Counsel ("OSC"), and OSC by letter dated June 5, 1996, notified Ms. Bell that it was terminating its investigation into her allegations without taking any action on them. OSC's letter notified Ms. Bell of her right to appeal her case to the Board, and of the obligation to file such an appeal within 65 days of the date of the letter in order for the appeal to be timely. As noted above, Ms. Bell filed her IRA appeal with the Board almost five years

later, well after the 65–day time limit had run.

By statute and regulation, an IRA appeal must be filed within 65 days of the issuance of OSC's notice, or, should the appellant demonstrate that OSC's notice was received more than 5 days after issuance, within 60 days after the appellant receives the notice. *See* 5 U.S.C. § 1214(a)(3)(A)(ii) (2000); 5 C.F.R. § 1209.5(a)(1) (2002). The Board has ruled that this limitation is statutory and cannot be waived even for good cause shown under 5 C.F.R. § 1201.22(c). *See Wood v. Dep't of the Air Force*, 54 M.S.P.R. 587, 592 (1992). Ms. Bell does not challenge the law as just stated and as applied by the Board in this case.

Instead, Ms. Bell argues that she never received the June 5, 1996, letter from OSC notifying her of its termination of investigation and her concomitant rights to appeal to the Board. Because she had never been advised of the termination by OSC of its investigation, Ms. Bell argues that she was entitled to believe that the investigation was still ongoing, and that she is free to file her appeal with the Board without regard to the time limitations for filing because the 60–day clock has yet to begin to run on her case.

Because Ms. Bell's appeal appeared to be untimely, in the light of OSC's letter of June 5, 1996, the Board afforded Ms. Bell an opportunity to submit an affidavit to explain why her appeal was not sooner filed. Ms. Bell responded with her assertion that she never received OSC's letter. Ms. Bell also provided the Board with copies of correspondence that she had received before June 5, 1996, from OSC, addressed to the same address as the June 5 letter, which address has not changed since 1995. During the time before June 5, 1996, Ms. Bell and her counsel were in contact with OSC about her case, and after

June 5, 1996, through the Board's proceedings, Ms. Bell continued to be represented by counsel.

Based on the evidence before the Board relevant to the factual question of whether Ms. Bell had received the June 5 letter, the Board found that Ms. Bell's statements that she had not received the letter were not credible. In reaching this conclusion, the Board relied on the facts that Ms. Bell had received other mail from OSC at the address to which the June 5 letter had been sent, that she was represented by counsel who was familiar with the case, and that she had been given telephone numbers (including an 800 number) to contact OSC with questions or concerns. On those facts, the Board held that it was inherently improbable that Ms. Bell would wait nearly five years to file her appeal at the Board.

## II

This court has limited authority in reviewing final decisions of the Board. We may upset a final Board decision only if we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. When the decision of the Board turns on facts, those facts must be supported by substantial evidence in the record. *See* 5 U.S.C. § 7703(c) (2000); *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995). In addition, when the Board rests its decisions on issues of credibility, we give great deference to such decisions, as they are "virtually unreviewable." *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir. 1986).

In this case, the Board had to decide whether it could credit Ms. Bell's allegation that she had never received OSC's June 5, 1996, letter. For the reasons we have noted, the Board concluded that Ms. Bell's allegation could not be accepted.

We are bound to agree with the Board. The evidence, above noted, provides a substantial basis for the conclusion that the June 5 letter was received by Ms. Bell, and the Board's credibility assessment is not one that we may discard.

In her brief to this court, Ms. Bell does not focus on the question of whether the Board was correct in holding her appeal untimely. Instead, she directs her arguments to the merits of her case. We appreciate Ms. Bell's concern—that she has not had a hearing on the merits of her claim—but we cannot afford her the remedy she seeks. Sound reasons exist to require appeals to be timely filed. When appeals are not timely, the harsh price paid by the appellant is the foregone opportunity for a hearing on the merits.