NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3101

ROSE CARACCIOLO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Rose Caracciolo, of Lindenhurst, New York, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3101

ROSE CARACCIOLO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in NY831M980048-C-1.

_____

DECIDED: February 3, 2009

_____

Before LOURIE, RADER, and PROST, Circuit Judges.

PER CURIAM.

Rose Caracciolo appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing her petition for enforcement for lack of jurisdiction. Caracciolo v. Office of Personnel Mgmt., NY-831M-98-0048-C-1 (M.S.P.B. Final Order Sept. 7, 2007; Initial Decision Mar. 5, 2007). Because Caracciolo has not demonstrated that the Board had jurisdiction to hear her appeal or otherwise committed legal error in its decision, we affirm.

## BACKGROUND

Caracciolo has been litigating this case for over eleven years, at the Office of Personnel Management ("OPM"), in various courts, and in this court. She was

employed by the Internal Revenue Service from 1973 until she was separated for disability retirement on January 4, 1997. As a result of that retirement, she began receiving regular disability payments. On April 30, 1997, the OPM sent Caracciolo a letter stating that she had been overpaid annuity benefits in the amount of $2,640.00. Caracciolo requested reconsideration, and OPM affirmed its decision. Caracciolo appealed OPM's decision several times, and, on October 30, 2000, while an appeal was pending at the Board, Caracciolo and an OPM representative participated in a conference in which OPM rescinded its reconsideration decision in order to recompute the annuity in light of new evidence. At that conference, the OPM representative stated that OPM would compute her annuity based on both Caracciolo's October 27, 1994 "pay cease" date and her January 4, 1997 separation date, such that Caracciolo would be able to compare the two computations. Caracciolo did not object, and the appeal was dismissed by the Board as moot in view of the rescinding of the reconsideration decision by OPM. Caracciolo then received a letter from OPM on December 6, 2000, computing her annuity based on the two different dates and allowing her to elect the date on which she wanted the annuity to begin. Caracciolo, however, despite the rescission of OPM's reconsideration decision, petitioned the Board for further review, which was denied.

On September 10, 2004, OPM issued a second reconsideration decision finding that Caracciolo's correct "pay cease" date was October 27, 1994, and, based on the corrected pay cease date, Caracciolo had not received an overpayment at all. Caracciolo appealed the second reconsideration decision to the Board, which affirmed, and then to this court, which also affirmed. Caracciolo v. Office of Personnel Mgmt.,

2008-3101

259 Fed. Appx. 324 (Fed. Cir. Dec. 21, 2007). On November 14, 2006, although OPM's first reconsideration decision had been rescinded and superseded by OPM's second reconsideration decision, Caracciolo also filed a petition for enforcement of a supposed settlement agreement that occurred during the October 30, 2000 conference regarding the amount of her annuity.

In an initial decision issued on March 5, 2007, the administrative judge ("AJ") dismissed the petition for lack of jurisdiction. The AJ held that the Board's dismissal of Caracciolo's appeal of the first reconsideration decision as moot was not an enforceable decision on the merits. The Board thus lacked jurisdiction over the appeal. Caracciolo then petitioned for review of the AJ's decision. In a decision issued on September 7, 2007, the Board denied the petition, concluding that there was no new, previously unavailable, evidence and that the AJ made no error in law or regulation that affected the outcome. Thus, the AJ's initial decision became final.

Caracciolo timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. Forest v. Merit Sys. Prot. Bd.,

2008-3101

-3-

47 F.3d 409, 410 (Fed. Cir. 1995). We are, however, bound by the AJ's factual findings on which a jurisdictional determination is based "unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). Further, the appellant has the burden to establish the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2008).

Caracciolo argues that the AJ failed to consider an oral agreement, recorded on tape, between herself and OPM, that gave her an annuity benefit beginning on January 4, 1997, not October 27, 1994, as OPM's second reconsideration decision holds. Thus, she requests enforcement of that agreement. Caracciolo argues that she did not have the transcript of the agreement available until February 2008, after the AJ's decision. Caracciolo also argues that, when OPM fully rescinded its reconsideration decision, the appeal should not have been dismissed because the underlying issue still required adjudication.

The government responds that nothing in the record indicates that there was a settlement agreement, as the hearing transcript is not in the administrative record, and, moreover, the transcript indicates only that OPM had agreed to rescind its reconsideration decision and recompute Caracciolo's annuity, which it did. The government also argues that, even if the Board had jurisdiction to consider Caracciolo's petition for enforcement, her claim would be barred by res judicata because, the government asserts, this court has already decided Caracciolo's claims in Caracciolo, 259 Fed. Appx. 324.

We agree with the government that the Board lacked jurisdiction to hear Caracciolo's petition. When OPM voluntarily rescinded its first reconsideration decision,

2008-3101

-4-

Caracciolo's claims regarding the first reconsideration decision became moot. Moreover, we agree with the government that, to the extent that Caracciolo seeks review of OPM's second reconsideration decision based on the alleged existence of an agreement, that review is barred by res judicata, as this court has already addressed the question of when her annuity benefits would accrue, which was the subject of the purported agreement. Caracciolo, 259 Fed. Appx. at 326 (holding that OPM correctly calculated Caracciolo's annuity based on her final separation date of January 4, 1997, instead of the October 27, 1994 pay-cease date).

Caracciolo argues that she did not have access to the transcript of the oral agreement before her appeal and that it therefore constitutes new evidence that we should consider. We disagree. First, we do not consider evidence that was not presented to the Board. Moreover, the transcript that, according to Caracciolo, constitutes new evidence of the agreement, is duplicative of evidence that Caracciolo already had at her disposal. In the transcript from October 30, 2000, the OPM representative stated that OPM would compute her annuity based on both the October 1994 date and the January 1997 date, such that Caracciolo would be able to compare the two computations. Similarly, Caracciolo received a letter from OPM on December 6, 2000, computing her annuity based on the two different dates and allowing Caracciolo to elect the date on which she wanted the annuity to begin. Thus, any agreement that may have occurred between Caracciolo and OPM was memorialized in the letter from December 6, 2000, which Caracciolo had available before her appeal and which was therefore not new evidence.

2008-3101

Because we conclude that the Board lacked jurisdiction to hear the appeal, all remaining issues are moot.

Accordingly, we <u>affirm</u> the Board's decision.