NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3271


MARTA FABISIAK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.


Marta Fabisiak, of Simi Valley, California, pro se.

Daniel Rabinowitz, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3271

MARTA FABISIAK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0353090224-I-1.

_____

DECIDED: January 14, 2010

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and RADER, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Ms. Marta Fabisiak appeals the decision of the Merit Systems Protection Board, Docket No. SF-0353-09-0224-I-1, dismissing her appeal for lack of jurisdiction. We <u>affirm</u> the dismissal, not on jurisdictional grounds, but for failure to establish the premises of her claim that she was wrongfully denied restoration to light duty employment.

BACKGROUND

Ms. Fabisiak was employed as a city letter carrier with the United States Postal Service ("agency"). On January 17, 2001 she sustained a work-related injury that the Office of Worker's Compensation Programs ("OWCP") determined to be compensable. Although the date is not stated in the record, at some time before September 18, 2008 Ms. Fabisiak advised the agency that she had partially recovered and was able to return to light duty work, and requested that the agency reinstate her to a position within her physical capabilities. The manager of the Post Office where Ms. Fabisiak had worked completed a document entitled "Job Offer – Priority for Assignment Compliance Verification," dated September 18, 2008, and wrote that Ms. Fabisiak's medical restrictions were too severe for any type of work at her former facility or any other postal facility. The record shows that on October 30 an email was sent to the agency's surrounding facilities inquiring whether a position was available within Ms. Fabisiak's medical restrictions. Each of the responses received was negative. On November 24, 2008 the agency advised the OWCP vocational rehabilitation counselor that it would not be able to offer Ms. Fabisiak a position at her former facility or any agency facility within her commuting distance. The OWCP notified Ms. Fabisiak of the agency's decision on December 16, 2008.

On January 10, 2009 Ms. Fabisiak filed an appeal with the MSPB, challenging the agency's denial of her request for reinstatement. On February 25, 2009 she filed a motion to dismiss her appeal without prejudice, stating that she was "medical Temporary Totally disab[led]," and "not able to resume any job." She also requested a six-month delay of the Board's proceedings, apparently as an alternative to dismissal. The agency then moved to dismiss the appeal for lack of jurisdiction. The agency argued that in order for the Board to

have jurisdiction of her restoration appeal, Ms. Fabisiak was required to make a non-frivolous allegation that she was sufficiently recovered to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those of her previous position. Ms. Fabisiak opposed the motion, stating that she was able to resume such activity at the time she requested restoration, and that the agency was required to provide such restoration at that time.

On March 2, 2009, the administrative judge (AJ) held a telephonic conference, during which Ms. Fabisiak again stated that she was currently temporarily totally disabled and unable to work. After another telephonic conference, the AJ provided Ms. Fabisiak with a summary of the applicable law, including the Board's requirement that a partially recovered employee must allege facts which if proven would show: (1) the appellant was absent from his position due to a compensable injury; (2) sufficient recovery to qualify for either part-time work or less demanding work; (3) the appellant's request for restoration was denied; and (4) the denial was arbitrary and capricious. These criteria are set forth in Chen v. United States Postal Service, 97 M.S.P.R. 527, 533 (2004). The record shows no response by Ms. Fabisiak, and on May 13, 2009 the AJ dismissed the appeal for lack of jurisdiction, on the ground that Ms. Fabisiak admitted that she was unable to resume part-time work, light duty work, or work in another position with the agency. The full Board denied review.

Ms. Fabisiak appeals to this court, stating that she was subject to retaliation and discrimination, requests "corrective action to make me whole and compensate me for any damages incurred," and refers to various costs, benefits, and losses for the period during which she states she should have been returned to limited duty.

DISCUSSION

Review of decisions of the Board is established by 5 U.S.C. §7703(c), which provides that the "court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Jurisdiction is a matter of law, which this court reviews *de novo.* Forest v. Merit Sys. Prot. Bd., 47 F.3d 409, 410 (Fed. Cir. 1995).

Federal employees who have partially recovered from injuries sustained at the workplace and are able to return to limited duty have certain restoration rights. The regulation, 5 C.F.R. §§353.301(d), provides that "[a]gencies must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." The appeal rights of such an employee are set forth in 5 C.F.R. §353.304:

> (c) An individual who is partially recovered from a compensable injury may appeal to MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.

In implementation of its restoration obligations for a partially recovered employee, "[a]t a minimum, this would mean treating these employees substantially the same as other handicapped individuals under the Rehabilitation Act of 1973, as amended." 5 C.F.R. §353.301(d).

The agency argued, and the Board held, that since Ms. Fabisiak did not meet all of the Chen criteria at the time of her appeal, the Board did not have jurisdiction to review the agency's earlier denial of restoration. The agency states that since Ms. Fabisiak was not

2009-3271                                         4

able to assume part time or light duty work at the time of her appeal, the Board properly dismissed the appeal on jurisdictional grounds. The agency also argues that the medical records relied on by Ms. Fabisiak to show that she was partially recovered at the time she requested reinstatement are inconclusive, and points out that a doctor found her to be totally disabled on December 18, 2008, which was before Ms. Fabisiak's appeal to the Board on January 10, 2009. The agency states that the recurrence of her total disability, and the equivocal nature of the records on which she relies, support the agency's decision.

We agree that the record does not show, even prima facie, that Ms. Fabisiak had recovered sufficiently to return to part time or light duty. On this basis, the Board correctly affirmed the agency's ruling. However, this Board decision was on the merits of the appeal, not as a matter of jurisdiction. The Board did not lose jurisdiction to review the agency action on the premise that the employee did not meet the Chen criteria at the time of appeal. The Chen criteria apply to the time of the agency action, not the time of appeal. The Board has jurisdiction to determine whether reinstatement was wrongfully denied, at the time that reinstatement was requested.

Board precedent is in accord with this principle, for the Board has held that wrongful denial of restoration can incur recovery of lost remuneration, although the employee later cannot return to work. In Estate of Kravitz v. Dep't of the Navy, 110 M.S.P.R. 97 (2008), the employee died during the Board appeal, and the Board held that the appeal could proceed and that "if the appellant's estate prevails, it will be entitled to remuneration for back pay, interest and benefits representing the appellant's retroactive placement pursuant to his restoration request." Id. at 99, n.1. The right to compensation did not depend on the ability of the employee to return to work at the time of the appeal.

As discussed ante, the agency also argues that Ms. Fabisiak's request for reinstatement was fully considered in light of her medical limitations, including review of possible placement at other postal facilities within her commuting area. Ms. Fabisiak does not dispute these arguments and the conclusions of the agency's administrators, or provide any support for her general statement of "discrimination." We discern no support in the record for her argument that the agency action was arbitrary or capricious, in concluding that it did not have a position to accommodate her medical and physical requirements at the time she sought restoration. On this ground, which is supported by uncontradicted evidence of reasonable attempts of accommodation, the Board's decision is affirmed.

No costs.