NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL F. HENLEY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2176

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-15-0087-I-1.

---

Decided: August 4, 2017

---

BRADFORD PETER LYERLA, Jenner & Block LLP, Chicago, IL, for petitioner.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* MAYER and MOORE, *Circuit Judges.*

PER CURIAM.

Paul F. Henley seeks review of the Merit Systems Protection Board's ("Board") decision dismissing his appeal for lack of jurisdiction. We affirm.

Mr. Henley served as a teacher for the U.S. Forest Service Job Corps ("agency") from March 2008 through May 2011. After receiving what he perceived as mistreatment through unfair performance reviews, harassment, and verbal and physical threats, Mr. Henley resigned his post. He sought relief through the Equal Employment Opportunity Commission ("EEOC"), arguing that the agency subjected him to various acts of discrimination and retaliation. The EEOC denied his claim and the Board affirmed, holding that his resignation was voluntary. After presenting oral argument, Mr. Henley moved to stay his appeal pending the Supreme Court's resolution of *Perry v. Merit System Protection Board*, 137 S. Ct. 1975 (2017), on the basis that his appeal presents a mixed case.[1] The Court has since decided that case, holding that the proper forum for mixed cases lies in district court, not the Federal Circuit. *Id.* In light of this holding, Mr. Henley now waives his discrimination claims so that we may retain jurisdiction over his remaining claims. Resp. to Suppl. Authority, ECF No. 41. We accept Mr. Henley's waiver, lift his requested stay, and review the remaining aspects of his appeal.

---

[1]    A mixed case involves "a federal employee [who] complains of a serious adverse employment action taken against him . . . and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws." *Id.* at 1979.

Whether the board had jurisdiction to adjudicate a case is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We must set aside agency actions, findings, or conclusions we find "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "A decision to resign or retire is presumed to be voluntary, and an employee who voluntarily retires has no right to appeal to the Board . . . [unless] the employee shows that his resignation or retirement was involuntary . . . ." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed. Cir. 1996). In its final order, the Board concluded that Mr. Henley failed to establish that his resignation was involuntary. J.A. 5–11. Although the government concedes that the Board applied the wrong standard in reaching this conclusion, it argues that it was harmless error. Appellee's Br. 10. We agree. We have reviewed the record and the parties' arguments and conclude that Mr. Henley failed to set forth nonfrivolous allegations that, when taken as true, would establish that his resignation was involuntary. Accordingly, we affirm the Board's dismissal of Mr. Henley's appeal for lack of jurisdiction.

## AFFIRMED

### COSTS

The parties shall bear their own costs.