NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY TURNER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1650

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-20-0125-I-1.

---

Decided:  February 8, 2021

---

GREGORY TURNER, Memphis, TN, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before DYK, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Gregory Turner seeks review of a final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. We *affirm*.

BACKGROUND

Mr. Turner is a partially disabled veteran. He was employed by the United States Postal Service as a city carrier beginning 1986. He suffered an on-the-job injury in 2006. He ceased working at the Postal Service in 2015 and is not now being compensated. He has apparently rejected the Postal Service's offers that would permit him to return to work with modified duty assignments.

On September 12, 2016, Mr. Turner filed a complaint with the Department of Labor, alleging that the United States Postal Service had violated his rights as a disabled veteran under the Veterans Employment Opportunities Act of 1998 by not reemploying him after 2015. In a letter dated September 20, 2016, the Department of Labor informed Mr. Turner that his case had been closed and that he could appeal to the Board. The letter stated:

> This is to inform you that our investigation has determined that you do not meet the eligibility requirements of the applicable provisions of veterans' preference statutes and regulations under Title 5, U.S. Code. Therefore, we are closing your case.
>
> Although we have made this determination, you have the right to appeal your case to the Merit Systems Protection Board (MPSB) within 15 calendar days from the date of receipt of this letter.

SAppx 61.[1]

---

[1]    "SAppx" refers to the appendix attached to the government's response brief.

On October 5, 2016, Mr. Turner filed an appeal with the Board and attached the letter from the Department of Labor dated September 20, 2016.[2]  On October 18, 2016, the administrative judge presiding over Mr. Turner's appeal determined that he had not established jurisdiction and ordered Mr. Turner to provide information to establish that the Board had jurisdiction over his appeal under the Veterans Employment Opportunities Act.  On October 22, 2016, Mr. Turner responded by filing certain documents.  On November 8, 2016, the administrative judge issued another order, again finding that jurisdiction had not been established and requesting information from Mr. Turner to establish the Board's jurisdiction.  On November 15, 2016, Mr. Turner requested that his appeal be withdrawn, stating that he was "requesting withdrawal at this time" because he felt "that it will become at time to file this action in the future [sic]."  SAppx 55.

On December 6, 2016, in an "Order Regarding the Appellant's Request to Withdraw His Appeal," the administrative judge presiding over Mr. Turner's appeal acknowledged that Mr. Turner had "requested to withdraw his appeal stating that he might refile it in the future." *Id.* at 53.  The administrative judge stated that Mr. Turner was "hereby put on notice that the withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction," and, "in the absence of unusual circumstances such as misinformation or new and material evidence, [the Board would] not reinstate an appeal once it has been withdrawn merely because an appellant now

---

[2]    The government refers to Docket No. AT-0353-16-0826-I-1 as the docket number for Mr. Turner's 2016 appeal.  However, the filings included in the appendix attached to the government's response brief indicate that Mr. Turner's 2016 appeal was assigned Docket Number AT-3330-17-0026-I-1.

wishes to proceed before the Board." *Id.* (citing *Dixon v. Off. of Pers. Mgmt.*, 44 M.S.P.R. 331, 335 (1990)).

The administrative judge also stated that, unless the appellant notified the administrative judge "in a writing to be received no later [than] December 13, 2016, that he [did] not wish to withdraw his appeal," the administrative judge would "dismiss the appeal as withdrawn, with prejudice to refiling regarding the same issue." *Id.* (emphases removed). Mr. Turner did not respond, and on December 21, 2016, the administrative judge dismissed the appeal with prejudice as withdrawn. Mr. Turner did not petition for review by the full Board, and the administrative judge's decision became the Board's final decision on January 25, 2017. *See* 5 C.F.R. § 1201.113. Mr. Turner did not appeal to this court.

On November 17, 2019, Mr. Turner filed another appeal with the Board that again appeared to raise a claim under the Veterans Employment Opportunities Act of 1998. The administrative judge presiding over Mr. Turner's 2019 appeal ordered Mr. Turner to submit a statement containing certain information so that the administrative judge could determine "whether the Board ha[d] jurisdiction over [Mr. Turner's] appeal and whether the exhaustion and timeliness requirements [had] been met." SAppx 39. In response, Mr. Turner submitted a new complaint form for the Department of Labor dated October 15, 2019, asserting basically the same allegations as in his 2016 complaint to the Department of Labor. Mr. Turner submitted his new complaint to the Board, but he provided no indication the Department of Labor had acted on his new complaint. He did provide a copy of the letter from the Department of Labor dated September 20, 2016, acting on his 2016 complaint.

The administrative judge determined that Mr. Turner was seeking to relitigate the "same [Veterans Employment Opportunities Act] issues he withdrew in December, 2016."

*Id.* at 4.   The administrative judge pointed out that Mr. Turner had withdrawn his 2016 appeal, which was then dismissed with prejudice.   Accordingly, the administrative judge dismissed Mr. Turner's 2019 appeal for lack of jurisdiction.   Again, Mr. Turner did not petition for review by the full Board, and the administrative judge's decision became the final decision of the Board on April 6, 2020.  5 C.F.R. § 1201.113.

Mr. Turner appeals.   We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute.  We are permitted to set aside Board decisions only if we find that they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.   5 U.S.C. § 7703(c).   "Whether the [B]oard had jurisdiction to adjudicate a case is a question of law, which we review *de novo.*"  *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

Under the Board's precedent, "[t]he withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction."  *Dixon*, 44 M.S.P.R. at 334–35. "[T]he Board will not reinstate a withdrawn appeal absent unusual circumstances such as misinformation or new and material evidence."  *White v. U.S. Postal Serv.*, 95 M.S.P.R. 220, 222 (2003).

Mr. Turner contends that the Board's 2016 rulings declining to find jurisdiction based on the then-existing record were erroneous, and these erroneous rulings compelled him to dismiss the appeal.   However, he does not dispute that his 2019 appeal raised the same issues as his 2016 appeal, nor does he dispute that he withdrew his 2016 appeal. Mr. Turner also does not make any showing that he had

raised new and material evidence that might justify reinstating his case.[3]

Mr. Turner instead asserts that he thought that his withdrawal with prejudice in 2016 would affect only "the particular case with that Administrative Judge." Pet'r's Informal Reply Br. 5. Mr. Turner also argues that the administrative judge who presided over the 2016 appeal "failed to give [Mr. Turner] a better understanding of the impact" of a dismissal with prejudice. *Id.* at 6. We disagree. The December 6, 2016, order explained that "the withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction," and that "[t]he Board will give effect to an appellant's withdrawal of an appeal and, in the absence of unusual circumstances such as misinformation or new and material evidence, it will not reinstate an appeal once it has been withdrawn merely because an appellant now wishes to proceed before the Board." SAppx 53.

Mr. Turner also invokes the doctrine of equitable tolling. The doctrine has no applicability here, where no limitations period is at issue, and in any case Mr. Turner provides no ground for equitable tolling.

The Board's dismissal of Mr. Turner's appeal for lack of jurisdiction was proper. Accordingly, the Board's decision is affirmed.

---

[3] "New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed." 5 C.F.R. § 1201.115(d) (criteria for the Board in granting a petition for review).

## AFFIRMED

Costs

No costs.