NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARTH K. TRINKL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF COMMERCE,**
*Intervenor*

---

2019-2356

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-16-0387-M-2.

---

Decided: April 16, 2020

---

GARTH K. TRINKL, Washington, DC, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN LEAVITT, KATHERINE MICHELLE SMITH.

TANYA KOENIG, Commercial Litigation Branch, Civil

Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

—————————————

Before LOURIE, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Petitioner Garth K. Trinkl seeks review of the Merit Systems Protection Board's post-hearing decision dismissing his appeal for lack of jurisdiction because he had failed to establish an involuntary retirement. Because we conclude that the Board's decision is supported by substantial evidence, we affirm.

## BACKGROUND

Mr. Trinkl was an economist with the Department of Commerce in the Bureau of Economic Analysis ("BEA") from 1998 until his retirement in 2015. In 2013 and 2014, he submitted complaints against two supervisors alleging that they had harassed and discriminated against him on the basis of age and that they had subjected him to a "near physical attack" during a meeting. Gov. App. 2.[1]

In August 2014, Mr. Trinkl applied for retirement, explaining in an email to the agency's Human Resources Division that he no longer felt safe working with his supervisors. *Id.* at 2, 193. After he submitted his retirement application, but before his separation, he was placed on a Performance Improvement Plan ("PIP"), which required him to meet regularly with his supervisors. *Id.* at 2–3, 197. Mr. Trinkl refused to meet with his supervisors

—————————————

[1] Citations to "Gov. App." refer to pages in the Corrected Appendix for Respondent's Informal Brief, Dkt. No. 16.

and requested transfer to a different supervisor, but his request was denied. *Id*. at 3. Mr. Trinkl retired on January 10, 2015. *Id*.

On February 25, 2016, Mr. Trinkl filed an appeal with the Merit Systems Protection Board ("the Board") alleging that he had involuntarily retired due to coercion and agency deception. The administrative judge ("AJ") issued an Initial Decision granting the government's motion to dismiss for lack of jurisdiction on the ground that Mr. Trinkl failed to state a non-frivolous allegation that his retirement was involuntary. The Board later issued a final order affirming dismissal. Mr. Trinkl sought review of the Board's order in this court.

In our initial review of this case, we held that the Board erred in considering and dismissing Mr. Trinkl's allegations individually, rather than collectively, and in weighing the relative probative value of Mr. Trinkl's allegations without holding a jurisdictional hearing. *Trinkl v. Merit Sys. Prot. Bd.*, 727 F. App'x. 1007, 1010–11 (Fed. Cir. 2018). We concluded that Mr. Trinkl's allegations, if assumed true, were not frivolous when considered as a series of escalating events leading to his retirement. *Id*. at 1010. We thus remanded to the Board for a jurisdictional hearing.

On remand, the AJ allowed the parties to engage in jurisdictional discovery. The AJ then held a two-day hearing and Mr. Trinkl and the government presented witnesses and other evidence. Based on the full record of the proceeding, the AJ issued another Initial Decision, once again dismissing the appeal for lack of jurisdiction because Mr. Trinkl failed to prove by a preponderance of the evidence that his retirement was involuntary.

In his decision, the AJ first considered whether Mr. Trinkl had established that his retirement was coerced by evaluating three elements: (1) whether the agency effectively imposed the terms of his retirement; (2) whether Mr. Trinkl had no realistic alternative but to retire; and (3)

whether the decision to retire was the result of coercive or improper acts by the agency. Gov. App. 6. The AJ found that the evidence did not support the first element because Mr. Trinkl's supervisors were unaware of his pending retirement until after his departure. *Id.* at 6–7. The AJ also found that the totality of Mr. Trinkl's allegations—that he had witnessed a physical altercation between his co-worker and supervisor in 2007; that he was passed over for promotion and job-assignment opportunities; that he was subjected to a "near physical attack" by his supervisors during a meeting in 2013; that he was placed on a PIP shortly before his decision to retire; and that he witnessed other incidents of harassment based on age—either did not occur as described or were insufficient under the circumstances to objectively "give rise to an environment which is so unpleasant for an employee that he would have no option but to leave." *Id.* at 8. The AJ then considered whether Mr. Trinkl had established that his retirement was the result of deception and concluded that the evidence did not support any material misrepresentations by the agency. *Id.* at 17–19.

Neither party petitioned for full-Board review of the decision, and it became the Board's final decision. Mr. Trinkl timely appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the legal question of whether the Board has jurisdiction over an appeal de novo and its underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's determination will only be overturned if it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.

*Covington v. Dep't of Health and Human Servs.*, 750 F.2d 937, 941 (Fed. Cir. 1984).

When an employee retires from government employment, the Board has jurisdiction to review the circumstances of the employee's departure only if the employee proves by a preponderance of the evidence that the retirement was involuntary, and thus "tantamount to forced removal." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). While a decision to retire is presumed voluntary, *Covington*, 750 F.2d at 941, the presumption can be overcome by establishing that the decision was the result of coercion or deception, among other circumstances that undermine the employee's ability to exercise free choice. *Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1575 (Fed. Cir. 1983).

To establish that a retirement was involuntary due to coercion, the employee must generally prove that (1) the agency effectively imposed the terms of the employee's resignation, (2) the employee had no realistic alternative but to resign or retire, and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Shoaf*, 260 F.3d at 1341. Alternatively, to establish that a retirement was involuntary based on deception or misrepresentation, the employee must establish that the agency provided misleading information on which the employee reasonably relied to his detriment in deciding to retire. *Covington,* 750 F.2d at 942; *Scharf*, 710 F.2d at 1575. Under both theories, the voluntariness inquiry is objective, and the Board must consider the totality of the circumstances in determining whether a reasonable person in the employee's position would have felt compelled to resign or would have been materially misled to his detriment. *Shoaf*, 260 F.3d at 1341; *Scharf*, 710 F.2d at 1575.

Mr. Trinkl makes two principal arguments in challenging the Board's dismissal of his appeal. First, he contends that in concluding that his retirement was voluntary, the

AJ evaluated his allegations of coercion and deception in isolation rather than as a whole under the totality of the circumstances.  In particular, Mr. Trinkl argues that the AJ failed to consider the alleged events in light of Mr. Trinkl's alleged symptoms of post-traumatic stress disorder ("PTSD") as well as other specific allegations in the record.  Second, Mr. Trinkl contends that he should have been given access to an incident report allegedly generated by a security officer regarding the "near physical attack" during Mr. Trinkl's meeting with his supervisors.  We consider these allegations in turn.

I

Mr. Trinkl contends that in considering the voluntariness of his retirement, the AJ improperly considered and analyzed his allegations "piecemeal" and failed to revisit the combined effects of the alleged events as a whole.  Appellant Br. 21–27.  We disagree.

In concluding that Mr. Trinkl failed to meet his burden of establishing that any conduct by the agency rendered his retirement involuntary, the AJ found that Mr. Trinkl had proved the following facts between 2007 and his retirement in January 2015:

> the appellant witnessed a confrontation between [one of Mr. Trinkl's supervisors] and Mr. Pomsouvan; was not selected for promotion; was told by his supervisors to "sit down" during a meeting; engaged in heated conversations with his supervisors; witnessed his supervisors "hyperventilate" or get frustrated; and was placed on a PIP.

Gov. App. 16–17.  The AJ found that "even if these acts did occur," Mr. Trinkl had failed to show by a preponderance of the evidence that "he was subjected to an environment sufficiently hostile as to lead to involuntary resignation."  *Id.* at 17.  This was in light of testimony by his supervisors, which the AJ found credible, that they had not threatened

Mr. Trinkl, had not physically blocked his exit from the room during their meeting, and had not witnessed any incidence of violence at the office. *Id.*

We see no error in this analysis by the AJ under the totality of the circumstances standard. Contrary to Mr. Trinkl's argument, the mere fact that the AJ preceded this discussion with a detailed assessment of the evidence regarding each incident does not render the ALJ's reasoning "piecemeal." Appellant Br. 22–24. Rather, a thorough and impartial evaluation of the totality of the circumstances must often begin with a detailed and methodical assessment of the evidence concerning each contested fact at issue. In order to fully evaluate whether a reasonable person in the employee's position would have felt compelled to resign or would have been materially misled to his detriment, *Shoaf*, 260 F.3d at 1341; *Scharf*, 710 F.2d at 1575, the AJ must first engage in fact finding to determine what the relevant circumstances are.

Mr. Trinkl also contends that the AJ should have considered the alleged incidents in light of his symptoms of PTSD, which he traces to stressful circumstances he encountered while traveling abroad on and immediately after September 11, 2001. Appellant Br. 23, 32–33. The AJ's decision, however, expressly addressed Mr. Trinkl's allegations of PTSD and concluded that regardless of any effect the condition might have had on Mr. Trinkl's perception of the alleged events leading to his retirement, the totality of the circumstances did not render his departure involuntary under an objective standard. Gov. App. 17. This is consistent with our precedent, which generally evaluates voluntariness from the perspective of a reasonable person. *See Scharf*, 710 F.2d at 1575. Here, Mr. Trinkl did not allege or present any evidence that his PTSD symptoms rendered him mentally incapable of exercising free choice or constituted a disability under the Americans with Disabilities Act for which he had requested reasonable accommodations. *Cf. Scharf*, 710 F.2d at 1574 (citing *Manzi v.*

*United States*, 198 Ct. Cl. 489, 492 (1972) (recognizing that a retirement is involuntary where an employee fails to understand the situation due to mental incompetence)); *Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (noting that a claim of involuntary disability retirement requires a showing that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation). Thus, the AJ did not err in declining to consider how Mr. Trinkl's alleged PTSD may have affected his subjective perception of events.

Mr. Trinkl also argues that the AJ erred in failing to consider "misinformation" provided by his supervisors when they required him to meet with them in person for his PIP reviews even though such meetings were not a "requirement in the CFR [Code of Federal Regulations]." Appellant Br. 26–27. We disagree. The AJ considered the PIP in assessing the voluntariness of Mr. Trinkl's retirement and found that the PIP was imposed after Mr. Trinkl submitted his application for retirement, undermining his argument that the conditions of the PIP caused his departure. Gov. App. 13. Moreover, the mere fact that an in-person meeting requirement is absent from the Code of Federal Regulations does not render his supervisors' decision to impose such a requirement an improper act of "misinformation." As the AJ appropriately found, Mr. Trinkl's supervisors could legitimately impose such a requirement in the exercise of their discretion. Gov. App. 13–14.

Finally, we reject Mr. Trinkl's arguments that the AJ should have given more weight to Mr. Trinkl's history of favorable performance, his allegations of past "employee abuse" by his supervisors, or specific inconsistencies in witness statements. Appellant Br. 19, 25–26, 27–29, 29–31. It is not our role to second guess the AJ's weighing of the evidence and credibility determinations. *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002).

Based on the record and the reasoning provided in the AJ's opinion, we conclude that the Board's decision was supported by substantial evidence.

## II

Mr. Trinkl also requests a new hearing on the grounds that he should have been given access to an "internal security office investigation" report allegedly prepared by a senior physical security officer concerning the "near-physical attack" incident. Appellant Br. 33–34. However, Mr. Trinkl does not explain how he was prejudiced by the absence of such a report in the record other than bare speculation that the alleged report "may well establish beyond a reasonable doubt that Mr. Trinkl involuntarily separated from the Agency under coercion and duress." *Id.* at 33. Nor does the record disclose that this discovery issue was raised before the AJ or otherwise preserved below. Based on the current record, given that Mr. Trinkl was given the opportunity at the hearing to present his own direct account of the incident at issue and to question both the security officer who prepared the alleged report and the two supervisors directly involved, we are not persuaded that Mr. Trinkl was materially prejudiced at the hearing by not having access to the alleged report.

## CONCLUSION

We have considered the remaining arguments presented by Mr. Trinkl and find them either unpersuasive or waived because they were not raised in his opening brief. For the reasons set forth above, we affirm the decision of the Board.

## **AFFIRMED**

## COSTS

No costs.