NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRYAN TAGGART,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1224

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0496-W-1.

---

Decided: July 9, 2020

---

BRYAN TAGGART, Woodbridge, VA, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before MOORE, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Bryan Taggart appeals a final decision of the Merit Systems Protection Board ("Board") dismissing his individual right of action ("IRA") appeal for lack of jurisdiction. Because the Board did not err in determining that it lacked jurisdiction to hear Taggart's appeal, we affirm.

Taggart is a police officer at the Pentagon, employed by the Pentagon Force Protection Agency ("Agency"). On April 22, 2015, the Agency proposed to suspend Taggart for five days for failure to follow written procedures, based on three instances in 2014. On September 17, 2015, the Agency Deciding Official, Major William Lagasse, sustained the suspension, but mitigated the penalty to three days. On September 30, 2015, Taggart timely elected to grieve the suspension decision under the collective bargaining agreement ("CBA") between the Agency and the Fraternal Order of Police ("Union"). In the grievance, Taggart challenged the reasons for each specification and alleged that the suspension was in "retaliation for a previous harassment complaint," specifically identifying an informal complaint filed on October 30, 2013 and a formal harassment complaint filed on April 4, 2014, both against his third-line supervisor, Captain Nesbit. The Agency denied the grievance on January 14, 2016. Thereafter, on May 7, 2019, Taggart filed the instant IRA appeal with the Board, again alleging that the suspension was a form of retaliation.

On September 3, 2019, the Board dismissed Taggart's IRA appeal for lack of jurisdiction under 5 U.S.C. § 7121 and, alternatively, for failing to nonfrivolously allege facts and/or introduce evidence to support a jurisdictional finding in this case. Taggart timely appeals, *pro se*.

We review the Board's dismissal for lack of jurisdiction without deference. *Forest v. M.S.P.B.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

5 U.S.C. § 7121(g) provides that an aggrieved employee may select only one of three remedies to challenge a

personnel action in Taggart's circumstance: (1) a Board appeal under 5 U.S.C. § 7701; (2) a grievance under a CBA; or (3) a complaint with the Office of Special Counsel ("OSC"). 5 U.S.C. § 7121(g)(3). Whichever procedure the employee brings first is deemed an election of that procedure and forecloses access to the other procedures. 5 U.S.C. § 7121(g)(2) ("An aggrieved employee affected by a prohibited personnel practice described in paragraph (1) may elect not more than one of the remedies described in paragraph (3)"); 5 U.S.C. § 7121(g)(4); *Agaranos v. Dep't of Justice*, 119 M.S.P.R. 498, ¶ 13 (2013) ("[W]hichever remedy is sought first by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums.").

The CBA includes a similar provision:

In matters relating to . . . Prohibited Personnel Practices [and] Whistleblowing . . . an aggrieved employee will have the option of utilizing this grievance procedure or any other procedure available in law or regulation, *but not both. An employee exercises that option when a grievance or appeal within a statutory procedure has been filed within the applicable time limits.*

CBA § 47.03(c) (emphasis added).

Prior to filing the instant IRA appeal with the Board on May 7, 2019, Taggart had already elected the CBA grievance procedure on September 30, 2015 to challenge his suspension on both substantive and retaliation grounds. That election precluded his utilization of any of the other avenues to challenge the suspension, and thus stripped the Board of jurisdiction it otherwise could have had to adjudicate his suspension.

Before us, Taggart asserts error on four grounds. First, he argues that the deciding official responded to the grievance outside the timeframe required by the CBA. Even if

true, 5 U.S.C. § 7121(g)(4) fixes the employee's election *at the date of filing* of the relevant procedure, without regard to the timeframe in which the deciding body makes a decision. The timeliness of the deciding official's decision, therefore, does not serve to vacate Taggart's election or grant jurisdiction to the Board.

Second, Taggart argues that his suspension was issued "over a year after the incident[s], well pass[ed] the timeline for investigation and decision." Informal Br. of Petitioner at 1. Taggart has failed to show how this fact impacts the Board's jurisdiction. We also note that the Agency proposed Taggart's removal in May 2015, about seven months after the alleged specifications. Taggart has not pointed us to anything indicating that this amount of time is unreasonable or carries any jurisdictional weight.

Third, Taggart alleges that "[t]he agency combined two separate incidents to justify my suspension. The second incident was never properly investigated or announced, nor did it receive a case number." *Informal Petitioner's Br.* at 1. The Agency decision was based on three specifications for failure to follow written procedures on July 4, 2014, October 6, 2014, and October 7, 2014. Taggart does not explain what incidents he is referring to, or why the failure to investigate incidents beyond the cited specifications should change the outcome here.

Finally, in a supplemental submission, Taggart states that "[a]ccording to AI-37 and the CBA, the only way to respond to a suspension for 14 days or less is to utilize the grievance process." We understand Taggart's reference to AI-37 as Administrative Instruction 37 (October 27, 2006), available at: https://www.esd.whs.mil/Portals/54/Documents/DD/issuances/ai/a037p.pdf. The administrative instruction indicates that it does *not* apply to "[a] grievance covered by procedures established under a collective bargaining agreement pursuant to section 7121 of [Title 5 of the U.S. Code]." As noted above, Taggart's challenge is

covered under 5 U.S.C. § 7121 and by the CBA. Moreover, AI-37 nowhere indicates that the grievance procedure is the sole available recourse for an employee aggrieved by a suspension of less than 14-days. The CBA indicates that in matters relating to "Whistleblowing," the aggrieved employee may make use of the grievance procedure "*or any other procedure available in law or regulation, but not both.*" CBA § 47.03(c) (emphasis added). Taggart is therefore incorrect that the grievance procedure was the only available recourse. Even if the grievance procedure *was* the only available recourse, this would not give the Board jurisdiction to consider Taggart's IRA complaint in light of the exclusive election procedure set out in § 7121(g).

Because the Board did not err in concluding that it lacked jurisdiction based on Taggart's election to grieve his suspension, we need not and do not reach the alternative basis for the Board's dismissal.

## AFFIRMED

### COSTS

Each party shall bear its own costs.