NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUAN L. RAMIREZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1643

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-19-0065-I-1.

---

Decided:  September 12, 2024

---

JUAN L. RAMIREZ, SR., Paterson, NJ, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, LINN and PROST, *Circuit Judges*.

PER CURIAM.

Juan L. Ramirez appeals a decision of the Merit Systems Protection Board (Board) dismissing his administrative appeal for lack of jurisdiction. For the following reasons, we *affirm*.

BACKGROUND

Mr. Ramirez is an employee of the United Stated Postal Service (Postal Service). S. Appx. 45.[1] He has been employed by the Postal Service since February 1998. *Id.* In November 2017, the Postal Service notified Mr. Ramirez that his position, PS-04 Mail Handler, had to be abolished due to "realignment of workload with the staffing requirements of the tour." *Id.* He was encouraged to bid on one of the newly created positions or, alternatively, be automatically reassigned to a vacant position. S. Appx. 27 n.1. In December 2017, the Postal Service posted vacancies for employees that were realigned and allowed them to bid based on their work shifts (e.g., night, day, afternoon). S. Appx. 45. Mr. Ramirez bid on a mail handler position but was unsuccessful. *Id.*

Shortly thereafter, the Postal Service posted additional vacancies to all mail handlers. S. Appx. 46. Several of these positions were posted in error, and the Postal Service was unable to cancel the postings from the online bidding system. S. Appx. 27 n.1. Management, however, wrote the word "CANCEL" on the paper postings placed in a common area. *Id.*; *see also* S. Appx. 46. Mr. Ramirez bid for and was awarded one of the cancelled positions in the online bidding system, which was a PS-05 Mail Handler Equipment Operator. S. Appx. 27 n.1, S. Appx. 46. In a letter dated February 2, 2018, the Postal Service notified Mr. Ramirez the new PS-05 Mail Handler Equipment Operator

---

[1] "S. Appx." refers to the supplemental appendix attached to Respondent's Informal Brief.

position would be abolished. S. Appx. 55. In October 2018, Mr. Ramirez was offered a choice between several positions and management automatically placing him in one of the positions. S. Appx. 58. In January 2019, he was officially reassigned to a PS-04 Mail Handler position by management. S. Appx. 78.

Mr. Ramirez timely appealed the reassignment to the Board, alleging he suffered an involuntary demotion because he was downgraded from PS-05 Mail Handler Equipment Operator (the cancelled position) to PS-04 Mail Handler. S. Appx. 8. The Board did not address the merits of Mr. Ramirez's demotion claim because it determined that it lacked jurisdiction over his claim. S. Appx. 8–12. The Board found that Mr. Ramirez is not an employee entitled to appeal an adverse action to the Board. S. Appx. 11–12. Mr. Ramirez filed a petition for review by the full Board, which was denied. S. Appx 1–2. Mr. Ramirez appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must uphold the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been following; or (3) unsupported by substantial evidence." 5. U.S.C. § 7703(c). Whether the Board lacks jurisdiction is a question of law we review de novo. *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024).

When an individual appeals to the Board, he or she has the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995); *see also* 5 C.F.R. § 1201.56(b)(2). Under 5 U.S.C. § 7513(d), an employee against whom adverse action is taken is entitled to appeal to the Board. The adverse action includes a reduction in grade or a reduction in pay. 5 U.S.C. § 7512. Mr. Ramirez argues the Board has jurisdiction because he is an

employee that suffered a reduction in grade and a reduction in pay.  Appellant's Informal Br. at 5–6.

To establish jurisdiction, the individual appealing an adverse action must qualify as an employee under 5 U.S.C. § 7511(a)(1).  Postal Service employees are not employees under the Board's jurisdiction unless they are "preference eligible," 5 U.S.C. § 7511(a)(1)(B), or meet set requirements in their Postal Service position.  5 U.S.C. § 7511(b)(8).  Those requirements, defined in 39 U.S.C. § 1005(a), explain that the Board's jurisdiction over adverse actions only applies to a preference eligible employee or other individual who "(I) is in a position of a supervisor or a management employee, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and (II) has completed 1 year of current continuous service in the same or similar positions."  39 U.S.C. § 1005(a)(4)(A).  In other words, the law only permits certain Postal Service employees to appeal adverse actions, such as a reduction in grade or pay, to the Board.

The Board determined Mr. Ramirez has not established that he is an employee over whom it has jurisdiction.  S. Appx. 11.  Mr. Ramirez indicates he is not a preference eligible employee.  S. Appx. 70 (answering "No" to whether he is entitled to veteran's preference).  He also does not allege that he is a supervisor, manager, or personnel worker.  S. Appx. 45–50.  The Board therefore properly determined that Mr. Ramirez does not qualify as an employee with a right to appeal to the Board under 5 U.S.C. § 7511(a)(1).

Mr. Ramirez also argues the Board has jurisdiction over the action pursuant to 5 C.F.R. § 1201.3(c)(1)(i).  Appellant's Informal Br. at 5.  Section 1201.3 is a regulation that implements the Board's statutory jurisdiction.  The specific regulation Mr. Ramirez cites explains that employees covered by a collective bargaining agreement must use the negotiated grievance procedures in the agreement to

resolve any action that could be appealed to the Board, except for certain actions, including adverse actions under 5 U.S.C. § 7512. 5 C.F.R. § 1201.3(c)(1)(i). The Board's jurisdiction under § 7512 is limited to individuals that qualify as an employee under § 7511(a)(1). Because Mr. Ramirez does not qualify as an employee as defined by the statute, 5 C.F.R. § 1201.3(c)(1)(i) does not apply.

Mr. Ramirez does not otherwise allege he meets the requirements of an employee. While we appreciate Mr. Ramirez's arguments that he was involuntarily demoted, the Board was correct that it "does not have jurisdiction to address all matters that are alleged to be incorrect or unfair." S. Appx. 9. Accordingly, the Board properly dismissed Mr. Ramirez's appeal for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Ramirez's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal for lack of jurisdiction.

## AFFIRMED

### COSTS

No costs.