NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMMIE PERNELL OWENS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE ARMY,**
*Intervenor*

---

2025-1814

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-23-0196-W-1.

---

Decided: February 10, 2026

---

TIMMIE PERNELL OWENS, Canton, MS, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

TATE NATHAN WALKER, Commercial Litigation Branch,

Civil Division, United States Department of Justice, for intervenor. Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

––––––––––––

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Timmie Owens petitions for review of a final order by the Merit Systems Protections Board (Board) dismissing his Individual Right of Action (IRA) appeal for lack of jurisdiction for failing to prove that he exhausted the required administrative remedies. *See Owens v. Dep't of the Army*, No. AT-1221-23-0196-W-1, 2025 WL 658777, at \*1–2 (M.S.P.B. Feb. 26, 2025) (*Final Order*) (S.A. 1–3).[1] For the following reasons, we *affirm*.

## BACKGROUND

Mr. Owens is a former Motor Vehicle Operator in the Department of the Army (Agency). *See Owens v. Dep't of the Army*, No. AT-1221-23-0196-W-1, 2024 WL 1754035, at 1 (M.S.P.B. Feb. 2, 2024) (*Initial Decision*) (S.A. 10–15).[2] In 2017, he first reported that one of his colleagues was falsifying timesheets. *Id.* at 3. That colleague was disciplined with a "lengthy suspension." *Id.* From 2017 to 2022, he reported alleged wrongdoing on numerous other occasions, *id.,* including health and safety violations and workplace discrimination, S.A. 100–03.

––––––––––––

[1] "S.A." refers to the respondent's supplemental appendix.

[2] Because the online version of the Initial Decision lacks pagination, we use the pagination employed in the Board's original document. For example, "*Initial Decision*, 2024 WL 1754035, at 1" corresponds to the first page of the Initial Decision, located at S.A. 10.

The Agency disciplined Mr. Owens for alleged misconduct for being inappropriately aggressive or untruthful in his communications. *See Initial Decision*, 2024 WL 1754035, at 3; *see also* S.A. 282–83 (notice of proposed adverse action). The discipline culminated in the Agency's decision to remove him. *See Initial Decision*, 2024 WL 1754035, at 3; S.A. 56 (notice of decision).

Mr. Owens then filed a complaint with the Office of Special Counsel (OSC), alleging that the Agency retaliated against him for whistleblowing by subjecting him to a hostile work environment, issuing a 14-day suspension, and proposing his removal. *See Initial Decision*, 2024 WL 1754035, at 2. The OSC closed his case upon receiving indication of Mr. Owens's intent to exercise his right to file a complaint with the Board after passage of 120 days after filing his complaint. S.A. 110; *see* 5 U.S.C. § 1214(a)(3)(B). Mr. Owens filed his IRA appeal on February 5, 2023. *See Initial Decision*, 2024 WL 1754035, at 1.

The Administrative Judge dismissed his IRA appeal for lack of jurisdiction. *See id.* The Administrative Judge noted that Mr. Owens identified his protected disclosures as "unsafe working conditions and other issues of concern" and found that "the only evidence [Mr. Owens] proffered regarding his contacts with OSC was a copy of the OSC Submission Form initiating his complaint." *Id.* at 4 (citation omitted). In that form, the Administrative Judge found only "general allegations of discrimination," which is insufficient to constitute protected whistleblower activity, and nothing about unsafe working conditions. *Id.* at 5. Accordingly, the Administrative Judge concluded that Mr. Owens failed to prove that he exhausted his administrative remedies before the OSC. *Id.* at 5.

Mr. Owens then petitioned the Board for review of the Initial Decision. *Final Order*, 2025 WL 658777, at *1. The Board affirmed the Initial Decision but modified the Initial Decision to correct the Administrative Judge's "overly

restrictive" statement regarding the standard for exhaustion, requiring Mr. Owens to describe to OSC "the 'precise ground' of his claims." *Id.* at \*1–2 (citations omitted). The Board nonetheless determined that the error was harmless because even applying the proper, less restrictive standard, Mr. Owens failed to prove exhaustion before the OSC as to any disclosures alleged in his IRA appeal. *Id.* at \*1.

Mr. Owens appeals to this court, contending that he exhausted his available administrative remedies, and therefore, established jurisdiction before the Board. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

We set aside the Board's final decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995) (citation omitted). We review the Board's underlying factual findings for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## DISCUSSION

The Board has jurisdiction over an IRA appeal "if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affs.*, 242 F.3d 1367, 1371–72 (Fed. Cir. 2001) (citations omitted). With respect to exhaustion, the Board's jurisdiction over an

IRA appeal is "limited to those issues that have been previously raised with OSC." *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1374 (Fed. Cir. 2016) (citation omitted). That is, a petitioner must identify the protected disclosures to the OSC before relying on them at the Board. *Id.* (finding no exhaustion to "different disclosures" not identified in the OSC complaint).

Applying that principle here, we see no error in Board's determination that Mr. Owens did not exhaust administrative remedies before the OSC as to any disclosures beyond the racial discrimination claim. *Final Order*, 2025 WL 658777, at *1.[3] This is because substantial evidence supports the Board's finding that Mr. Owens did not raise unsafe working conditions or other protected disclosures before the OSC and therefore did not exhaust his administrative remedies for those disclosures. *See Initial Decision*, 2024 WL 1754035, at 5.

Mr. Owens offers two arguments:   (1) the Board skipped over the jurisdictional question and reached the merits, and (2) the Board's dismissal of his IRA appeal was in error because he met the 120-day statutory period under 5 U.S.C. § 1214(a)(3)(B). *See* Pet'r's Br. 3–5. We find both arguments unpersuasive.

First, the Board did not skip the jurisdictional question. The Administrative Judge issued two orders requiring Mr. Owens to demonstrate that he exhausted his administrative remedies for any protected disclosures. S.A. 85–93, 133–35. In response to the first order, Mr. Owens claimed that he made the following four protected

---

[3]    A racial discrimination claim does not qualify as a protected disclosure for purposes of IRA appeals. *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 689–92 (Fed. Cir. 1992) (holding that 5 U.S.C. § 2303(b)(8) does not encompass alleged retaliation for discrimination complaints).

disclosures:   (1) his 2017 report about timekeeping violations of his colleague; (2) his August 7, 2021 email about the "poor working condition for employees and rotten food and vegetables" in the workplace; (3) his February 18, 2022 email about a vehicle out of service due to the vehicle not having a current inspection sticker; and (4) his May 3, 2022 email about workplace discrimination. S.A. 100–03. As evidence, Mr. Owens submitted a copy of his complaint filed with OSC. S.A. 112–124. The Administrative Judge found that "the only disclosure he raised with the OSC was his alleged May 3, 2022 disclosure of a 'discriminatory incident'" and issued a second order to show cause. S.A. 134; *see Initial Decision*, 2024 WL 1754035, at 4–5 (referencing the OSC complaint). Mr. Owens did not correct the deficiency in his response to the second order, repeating what he believed were protected disclosures without providing evidence for exhaustion as to the remaining three alleged protected disclosures. S.A. 141–42. As such, Mr. Owens' challenge is misplaced in view of the record, where the Administrative Judge confronted the jurisdictional question in multiple instances—twice before the Initial Decision and in the Initial Decision itself. *See, e.g., Initial Decision*, 2024 WL 1754035, at 5.

Second, Mr. Owens cannot rely on the 120-day statutory period to show exhaustion for alleged protected disclosures when he did not raise those disclosures with the OSC. *See McCarthy*, 809 F.3d at 1374 (holding that the Board's jurisdiction over an IRA appeal is "limited to those issues that have been previously raised with OSC."). Mr. Owens did not raise issues before the OSC that he raised before the Board, and as such, the Administrative Judge properly determined that Mr. Owen did not meet his burden to

prove exhaustion for alleged protected disclosures.[4]  *See, e.g., Initial Decision*, 2024 WL 1754035, at 4–5.

## CONCLUSION

We have considered Mr. Owens's remaining arguments and find them unpersuasive.  We therefore *affirm*.

### **AFFIRMED**

## COSTS

No costs.

---

[4]    We also see no error in the Board's determination that the error in the Initial Decision requiring the overly restrictive standard for exhaustion was harmless.  *See Final Order*, 2025 WL 658777, at *1.